**STATE of Missouri, Respondent,**

v.

**Nathan YOUNG, Appellant.**

**Nos. WD 49309, WD 51757.**

Missouri Court of Appeals,
Western District.

March 18, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application to Transfer Denied
May 27, 1997.

Deborah Wafer, Dist. Defender, St. Louis, for appellant.

Philip M. Koppe, Assistant Attorney General, Kansas City, for respondent.

SPINDEN, Judge.

A jury convicted Nathan Young of two counts of forcible sodomy, robbery in the second degree, and burglary in the first degree. Young appeals his convictions on the grounds that the state's information was not sufficient and that the circuit court erroneously sentenced him as a Class X offender. He also has filed a motion for a new trial based on newly-discovered evidence. In a separate appeal, he challenges the circuit court's denial of his Rule 29.15 motion for post-conviction relief. We have consolidated his appeals, and we affirm the circuit court's judgment of conviction and denial of his Rule 29.15 motion. We also deny his motion for a new trial.

Young does not contest the sufficiency of the evidence. The victim identified Young as the man who broke into her townhouse at about 2:30 A.M. on August 7, 1993, sodomized her twice and took cash, jewelry and her purse.

■ In his first point on appeal, Young argues that the circuit court erred in sentencing him. He complains that the circuit court's written order designated him as a prior, persistent, and Class X offender although the circuit court did not designate him as a prior, persistent, and Class X offender when it orally pronounced his sentence. The point has no merit.

Immediately before declaring the court's judgment, the circuit court said:

Nathan Young, having heretofore entered pleas of not guilty, having stood trial before a jury, *the Court having determined that you were a prior, persistent, and*

*Class X offender,* the jury having returned verdicts finding you guilty of the charges in Counts I through IV, it now devolves upon this court to fix punishment in this matter. Is there any legal reason why judgment and sentence should not be pronounced at this time? [1]

The state had charged Young as a prior, persistent and Class X offender under §§ 558.016 and 558.019, RSMo Supp.1992. The circuit court, in its findings of fact, found that Young was a prior, persistent and Class X offender.

The Supreme Court has declared that this is sufficient. It has instructed that we should look at the "full record," rather than focusing only on the one sentence in which the circuit court pronounces its judgment. *Howard Johnson v. State of Missouri,* 938 S.W.2d 264, 265 (Mo banc.1997). The whole record makes plain that the circuit court articulated clearly to Young that the circuit court had determined him to be a persistent offender and was sentencing him as such. Sentencing is not "a game in which a wrong move by the judge means immunity for the prisoner." *Reed v. State,* 778 S.W.2d 313, 321 (Mo.App.1989)(citing *Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)).

■■■ In his second point, Young contends that the circuit court erroneously found him to be a Class X offender under § 558.019.2 because the three prior felonies he committed were not Class A or B felonies or dangerous felonies. Young did not preserve the point for our review. He did not raise this point before the circuit court and raises it for the first time on appeal. We are therefore precluded from reviewing this claim. *State v. Tivis,* 933 S.W.2d 843, 847–48 (Mo.App.1996).[2]

1. We added the emphasis.

2. Even if we were to review the issue, Young misreads the statute. Section 558.019.2 says, "The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo, and dangerous felonies as defined in subdivision (8) of section 556.061, RSMo." The phrase "shall be applicable" refers to the crime

■■ In his third point, Young complains that the information identified the victim only as "Jane Doe." This, he argues, violated his due process rights and subjected him to "the possibility of" double jeopardy. Because he did not preserve the point for our review, he asks us to consider it as plain error pursuant to Rule 30.20. We decline.

■■ "[U]nless a claim of plain error *facially establishes substantial grounds* for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc)(emphasis added), *cert. denied,* —— U.S. ——, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). We find no indication either that he had difficulty defending himself because the information identified the victim as "Jane Doe," or that the "possibility" of double jeopardy is a genuine threat. His claim does not provide us substantial grounds for believing that manifest injustice has occurred.

■■ In his fourth point, Young challenges the circuit court's denial of his Rule 29.15 motion. He asserts that he established that his trial attorney was incompetent because she called an alibi witness who testified that Young was in the victim's townhouse complex a half-hour before the time the victim said the attack occurred.

■■■ A tactical error does not establish ineffective assistance of counsel. Young's burden was to establish that his attorney's performance fell below what a reasonably competent attorney would have done in representing him and that the attorney's incompetence prejudiced him. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

with which the defendant is charged, not the prior convictions which would be the basis for establishing his status as a Class X offender. Section 558.019.4(3) defines a class X offender as "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times[.]" This requires proof of three felonies committed at different times, not three Class A or B felonies or dangerous felonies committed at different times.

The benchmark for judging ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.... The court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the "wide range" of professionally competent assistance.... Counsel is strongly presumed to have rendered adequate assistance and made all decisions in the exercise of reasonable professional judgment.... Moreover, even when counsel's performance has been shown to be professionally unreasonable, the motion court must ask [whether] defendant has shown a reasonable likelihood that the decision reached would have been different absent the deficiencies of counsel's performance.

*State v. Graham,* 906 S.W.2d 771, 784 (Mo. App.1995). We defer to the circuit court's "superior ability to determine matters of witness credibility." *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

■■■ Young's trial attorney explained why she called the alibi witness:

Q. And what in general was your trial strategy theory of the case?

A. A couple of things. Nathan had provided a very good alibi. I thought a very reliable alibi. Based on what Nathan had told me in our conversation after I entered the [case the] second time, there were two, I believe two witnesses who were very good and said that he wasn't, that he was some place else when this allegedly occurred.

. . . .

Q.... And they testified as to what you recall as positive?

A. Well, Clare [Workcuff] was with Nathan at the time of the assault and [the other witness] saw [Clare and Nathan] together at a different location at Hardee's on Providence I believe.... In addition to that, there was a question of identification obviously. And based on what Nathan had told me regarding his relation-

ship with [the victim], that there certainly was some motive for her to choose him as the suspect. So it was I guess a kind of, I don't really know that we can call it an identification case. It was really more of an alibi case then we tried to impeach her credibility regarding her identifying Nathan as the suspect in the case.

An attorney's actions that constitute sound trial strategy are not grounds for ineffective assistance claims. Selection of witnesses is a question of trial strategy, and as such is "virtually unchallengeable." *State v. Borders,* 844 S.W.2d 49, 54 (Mo.App.1992). This is especially so when the attorney and the defendant agree on which witnesses to select. *Abercrombie v. State,* 759 S.W.2d 95, 97 (Mo. App.1988). Young acknowledges that he wanted his attorney to call Workcuff. He did not establish that his trial attorney's strategy was unreasonable, much less that it resulted from the attorney's incompetence.

Young next complains that in considering his Rule 29.15 motion, the circuit court did not address specifically his claim that his trial attorney was incompetent for not objecting to a police detective's referring to a picture of him as a "mug shot." The state concedes that the circuit court did not address the issue. Young asks us to remand to the circuit court to make specific findings of fact concerning this issue.

■■■ We need not do so because, as a matter of law, the contention would not entitle Young to relief. Findings of fact are not required for issues which present only matters of law. *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). They also are not necessary if the record allows us to determine whether the circuit court's denial is correct. *Gilliland v. State,* 882 S.W.2d 322, 326 (Mo.App.1994).

■■■ Failure to object to the detective's referring to "mug shots" does not establish ineffectiveness of counsel because references to "mug shots" do not necessarily infer that the defendant has committed other crimes. That a police department has a photograph of a defendant in its files does not imply that the defendant has committed prior crimes. *Tivis,* 933 S.W.2d at 846. Admis-

sion of a mug shot constitutes prejudicial evidence of other crimes only when the mug shot or accompanying testimony discloses a defendant's prior arrests or convictions. *Id.* at 847. The detective's testimony in this case did not disclose prior arrests or convictions. Young's claim is denied.

In his sixth point, Young asserts that the circuit court erroneously denied his Rule 29.15 motion because he established that all of the jury venire persons were Caucasian and this violated the Missouri and United States constitutions. He alternatively contended that his trial attorney's not objecting to the constitutional violation established incompetence.

The point has no merit. Young raised the constitutional attack for the first time in his Rule 29.15 motion. This came too late for the circuit court's consideration. *State v. Six,* 805 S.W.2d 159, 173 (Mo. banc), *cert. denied,* 502 U.S. 871, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991). Further, without any evidence of a systematic exclusion of a minority race, Young's claim necessarily fails. *State v. Farley,* 863 S.W.2d 669, 672 (Mo. App.1993). Without any showing of any merit of his claim, his contention that his trial attorney was incompetent for not objecting to the all-Caucasian venire panel necessarily fails.

While his appeal was pending, Young filed a motion asking us to remand to the circuit court so he could file an amended motion for new trial to present his "newly discovered evidence." The evidence is the testimony of a prison inmate, Rodney Toney, who says that he accompanied Kenny Hall to the townhouse complex on the night of the incident and waited in the car after Hall got out. Toney says in his affidavit that Hall returned to the car about 20 minutes later with items matching those taken from the victim's townhouse.

Young's affidavit, of course, is well beyond the limits of Rule 29.11. As this court's Eastern District said:

Rule 29.11(b) grants a defendant in a criminal case the right to file a motion for a new trial "within fifteen days after the return of the verdict". The trial court may extend this time[.] ... [T]he request for a new trial based upon newly discovered evidence cannot avoid the strictures of Rule 29.11(b). *See, e.g. State v. Mucie,* 448 S.W.2d 879, 890 (Mo.1970); *see also, State v. Davis,* 698 S.W.2d 600, 603 (Mo.App. 1985). Not being timely, the amendment [to a motion for a new trial] preserves nothing for review, and, procedurally, it is "a nullity". *Mucie, supra* at 890.

*State v. Hamilton,* 732 S.W.2d 553, 555 (Mo. App.1987). Missouri procedures do not provide a means for a criminal defendant to present claims of newly-discovered evidence to the judiciary after the time to file a Rule 29.11 motion has expired. *Id.* The only formally authorized means by which a criminal defendant with a late motion can seek relief based on newly-discovered evidence is by application to the governor for executive clemency or pardon pursuant to Mo.Const. art. IV § 7 (1945).[3] *Whitaker v. State,* 451 S.W.2d 11, 15 (Mo.1970); *State v. Johnson,* 286 S.W.2d 787, 796 (Mo.1956).

This court, however, has recognized that "in extraordinary cases," it may remand the case as plain error pursuant to Rule 30.20 or pursuant to this court's inherent power so the defendant can present his new evidence. *State v. Ramsey,* 874 S.W.2d 414, 417 (Mo.App.1994). This is not the "extraordinary case" deserving of such action. We reserve for that category those cases in which the newly-discovered evidence "would have completely exonerated the [defendant] of the [crime] for which [he or she was] charged." *State v. Hill,* 884 S.W.2d 69, 76 (Mo.App.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995). We deny Young's motion.

**3.** That provision says, "The governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limita-tions as he may deem proper, subject to provisions of law as to the manner of applying for pardons. The power to pardon shall not include the power to parole."

For these reasons, we affirm the circuit court's judgment and its denial of his Rule 29.15 motion for post-conviction relief.

SMART, P.J., and ELLIS, J., concur.