**STATE of Missouri, Respondent,**

v.

**Jimmy W. BRINKLEY, Appellant.**

**No. SD 31299.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 14, 2012.

---

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Jennifer A. Wideman, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DANIEL E. SCOTT, Judge.

Appellant challenges the sufficiency of evidence to support his robbery conviction, specifically that he forcibly stole. He terms such evidence "debatable," and argues that any force he used was unrelated to theft. Such claims cannot survive our standard of review. We affirm the conviction.

### Principles of Review

■ We do not reweigh evidence or act as a "super juror" with veto powers. *State v. Castoe*, 357 S.W.3d 305, 308 (Mo.App. 2012). Rather, we view the record and inferences favorably to the verdict, ignoring contrary evidence and inferences, to see whether reasonable persons could have found the defendant guilty. *Id.* We relate the evidence accordingly.

### Background

This incident happened at Sears. Loss-prevention employees Mark Hughey and Allen Edwards observed Appellant suspiciously handle a $299 automotive scanning tool, leave the store, and ride off in a black car waiting near the door. He had taken nothing yet, but Hughey and Edwards kept watch.

Appellant reappeared. He picked up the tool, wandered about, passing six registers without offering payment, then exited the store, tool in hand. The black car waited, engine running.

Edwards shouted out to stop, identified himself, and approached. Appellant swung the tool at him. Edwards clenched Appellant. The men struggled. Still grasping the tool, Appellant threatened: "I am going to f*ck you up."

Hughey and another employee rushed to Edwards' aid. Someone said "he's got a knife." Hughey wrenched it away. It fell

to the ground, blade open. A bystander kicked it out of reach.

Appellant fought on wildly, even biting at Hughey, until groin strikes brought him under control.

### Sufficiency of Evidence— Forcible Stealing

 Robbery is stealing by force. *State v. Henderson,* 310 S.W.3d 307, 307 (Mo. App.2010). Appellant was convicted under a verdict-directing instruction that required jurors to find that he used physical force "for the purpose of overcoming resistance to the keeping of the property immediately after the taking." [1]

Appellant suggests that "evidence of force is debatable," and even if he "used any force against Edwards, it was likely used merely to avoid an inevitable arrest rather than to retain the scan tool." Almost glibly, Appellant argues that he already "had four felony warrants when he entered Sears, he assuredly still had four felony warrants when he later walked out of the store with the automotive scan tool," so it "would have been obvious to [him] that an arrest on the outstanding warrants was a foregone conclusion if he remained" at Sears.

"This assertion implicitly turns the scope of review on its head." *State v. Applewhite,* 771 S.W.2d 865, 868 (Mo.App.1989)(rejecting an argument similar to Appellant's claim here). We view the evidence and inferences most favorably to the state, not the other way. When

Edwards shouted, Appellant did not drop the stolen tool or run toward the getaway car. He swung the tool as a weapon, held onto it, and threatened to "f*ck [Edwards] up." From this and other evidence,[2] "a rational juror could infer Appellant used physical force upon the loss-prevention officer to retain the property.... The jury could have found that Appellant began struggling with the officer not only to avoid apprehension but to retain the property [he] had taken." *State v. Norton,* 949 S.W.2d 211, 214 (Mo.App.1997). *See also State v. Maclin,* 113 S.W.3d 304, 306–07 (Mo.App.2003).

### Conclusion

Appellant's point fails. We affirm the judgment and conviction.

BATES and FRANCIS, JJ., concur.

---

1. "Forcible" stealing includes the use or threat of immediate physical force to prevent or overcome resistance to the taking of property or to its retention immediately after the taking. *See* § 569.010(1) RSMo 2000; *Henderson,* 310 S.W.3d at 307.

2. Although defense counsel's closing argument described surveillance videos in evidence as the "trump card" and "worth a thousand words," this court has not been favored with those exhibits. When an exhibit is not filed with an appellate court, its intendment and content will be taken as unfavorable to the appellant. *State v. Davis,* 242 S.W.3d 446, 449 n. 1 (Mo.App.2007).