**STATE of Missouri, Plaintiff/Respondent,**

v.

**Bert LIFFICK, Jr., Defendant/Appellant.**

**Bert LIFFICK, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 56296, 59785.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 17, 1991.

Jeannie Arterburn, Asst. Public Defender, St. Louis, for defendant, appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

KAROHL, Judge.

A jury convicted Bert Liffick, Jr. of second degree burglary, § 569.170 RSMo 1986. The trial court sentenced defendant as a persistent offender to five years imprisonment. We have consolidated a direct appeal from the conviction with an appeal of denial of Rule 29.15 relief.

On direct appeal defendant alleges the court erred in denying his motion for judgment of acquittal because the evidence was insufficient to establish that defendant entered an inhabitable structure prohibited by § 569.170, as defined in § 569.010(2) RSMo 1986. The issue is whether on the facts of this case a privately owned automobile is "an inhabitable structure." Defendant also appeals from the denial of his pro se motion for post conviction relief as untimely filed. The state concedes his pro se motion was timely filed under Rule 29.-15(b). *See State v. White*, 798 S.W.2d 694 (Mo. banc 1990). We reverse.

In reviewing the sufficiency of the evidence, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict and disregard all contrary evidence. *State v. Livingston*, 801 S.W.2d 344, 345 (Mo. banc 1990). We may not substitute our judgment for the jury's. *Id.* On July 5, 1988, Pearl Seiller drove her 1981 Buick Skylark to work at 509 South Sixth Street in Bowling Green, Missouri, where she was employed as Center Director for the Senior Citizens' Nutrition Site. Seiller parked her automobile and did not lock it. Later, Bertha Marshall told her someone was looking into the automobile. Seiller went to the door and observed defendant seated inside her automobile. As Seiller approached the automobile, defendant exited it, flinging coins onto the floor.

At trial, Seiller testified she was also a Mary Kay consultant.

A. I have a—I am a Mary Kay consultant and I use my vehicle for traveling to and from my customers, delivering merchandise.

PROSECUTOR: Do you carry your goods, your wears [sic] in you vehicle?

A. Not always, but often.

Q. You do use it for your business?

A. Yes, sir.

Q. And you do sell items out of your vehicle; is that correct?

A. Yes, sir.

\* \* \* \* \* \*

DEFENSE COUNSEL: Now, when you are working for Mary Kay Cosmetics, you don't hold any business meetings inside your home? You usually go inside the customers [sic] home; is that correct?

A. That's correct.

Q. You don't hold any meetings in your car, you just basically use it as a mode to deliver the items?

A. Yes.

\* \* \* \* \* \*

PROSECUTOR: Ms. Seiller, when you are conducting this Mary Kay business, do you often bring customers out and look at items that are in your vehicle?

A. Yes, sir. Sometimes people will stop me on the street and want to see a certain article in that case, I do show them.

Q. The people recognize you and that vehicle as one that you do business out of; is that right?

A. Yes, sir.

No evidence was offered regarding whether the automobile bore commercial license plates or markings which would identify it as a vehicle "where any person carries on business." No evidence was offered to prove any use of the automobile for any Mary Kay activities on the day defendant entered the automobile.

In his sole point on direct appeal, defendant alleges the court erred in denying his motion for judgment of acquittal because the evidence was insufficient to establish that defendant entered an inhabitable structure. Defendant asserts "THE EVIDENCE PRESENTED WAS THAT [HE] ENTERED A 1981 FOUR–DOOR BUICK SKYLARK AUTOMOBILE, WHICH WAS NOT USED FOR OVERNIGHT ACCOMMODATION OR TO HOLD BUSINESS MEETINGS AND WHICH WAS NOT SHOWN TO BE A VEHICLE WHERE A PERSON CARRIES ON BUSINESS OR OTHERWISE SHOWN TO BE AN INHABITABLE STRUCTURE." Defendant argues a plain reading of § 569.010(2) RSMo 1986 indicates the legislature intended to redefine burglary to include a vehicle *in which* a person carries on a business or people assemble for business purposes, but did not intend to include an automobile which is merely *used for or in* a business.

The relevant statutory provisions provide in pertinent part:

**Burglary in the second degree**

1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein. Section 569.170 RSMo 1986.

(2) **"Inhabitable structure"** includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:

(a) Where any person lives or carries on business or other calling; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is "inhabitable" regardless of whether a person is actually present.... Section 569.010 RSMo 1986.

These sections became effective January 1, 1979. Our research reveals no Missouri cases which have construed the language "other vehicle ... where any person ... carries on business...." "[T]he legislature, when it enacted the new burglary related statutes, found in § [Ch.] 569, added the term 'inhabitable structure' and its above-cited definition with the specific intent to broaden the objects of forcible entry which would trigger the applicability of the statutes." *State v. Gully*, 716 S.W.2d 892, 894 (Mo.App.1986).

The primary rule of statutory construction is to ascertain the intention of the legislature by looking to the clear language of the statute. *State v. Harrison*, 805 S.W.2d 241, 244 (Mo.App.1991). It appears the intent of the legislature in enacting § 569.010(2)(a) is to protect homes and businesses wherever located. There is no language to protect automobile owners per se with the crime of burglary. Some states have. *See* CAL.PENAL CODE § 459 (West Supp.1991); ILL.REV.STAT. ch. 38, para. 19–1 (1989); OKLA.STAT. tit. 21, § 1435 (West 1983); TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). We are compelled to construe criminal statutes strictly against the state. *Id.* The state would have us add provisions adopted in other jurisdictions to § 569.170 and § 569.010(2). We cannot do so.

It is not necessary for us to rule on defendant's claim that there is a difference between "used for or in a business" and "where any person carries on business" because the evidence does not support a

finding of either. The evidence does not support the jury's finding that "the defendant knowingly entered unlawfully in an inhabitable structure located at 509 West South Street, Bowling Green, Missouri...." The state did not prove defendant knowingly entered an inhabitable structure which by definition includes a vehicle where any person carries on business. The evidence does not tend to prove the automobile was being used for anything other than purely private transportation on the day of the charged burglary. The state failed to prove the automobile fell within the ambit of "inhabitable structure," as the state would define that term, on the day defendant was in the automobile. We need not resolve the definition argument and decline to do so. As a matter of law, the trial court erred when it denied defendant's motion for judgment of acquittal.

In view of our disposition of the direct appeal, defendant's Rule 29.15 motion is moot.

We reverse the judgment of conviction.

SMITH, P.J., and AHRENS, J., concur.