Gary GOINGS, Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS,** Respondent.

No. SC 81589.

Supreme Court of Missouri, En Banc.

Dec. 21, 1999.

Gary Goings, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

Gary Goings was on parole from prison after serving a portion of his five-year

sentence on Franklin County convictions when he was arrested in 1996 on a felony stealing charge from Stoddard County. After it was determined that Goings had violated conditions of his parole, Goings was returned to the custody of the department of corrections in August 1996. Thereafter the circuit court for Stoddard County sentenced Goings, in December 1997, to a five-year term on the stealing charge, to be served concurrently with his earlier sentences, which apparently were for stealing and second-degree assault.[1] The department of corrections refused to give Goings credit for time served, pursuant to section 558.031,[2] against the five-year sentence imposed in December 1997 in the circuit court for Stoddard County.

■ Goings, confined in the Algoa Correctional Center in Cole County, brought this declaratory judgment action in Cole County Circuit Court challenging the department's refusal to give him credit for time served prior to his December 1997 sentencing on the felony stealing charge.[3] The court denied relief, and Goings appealed to this Court, challenging the constitutionality of section 558.031 and the legality of the department's refusal to grant him credit for time served prior to the December 1997 sentencing. Because Goings challenges the constitutionality of a statute, we have jurisdiction under art. V, sec. 3 of the Missouri Constitution.

The dispositive issue is whether Goings was "in custody related to" the offense for which he was sentenced in December 1997 and, therefore, should be credited with time served in the department of corrections prior to that sentencing. We believe that the statute, section 558.031, requires such a credit. We therefore reverse and remand.

Goings is entitled to credit for time served prior to sentence if the time in custody is "related to that offense." The statute, section 558.031.1, provides:

A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense. . . .

In interpreting the statute, both sides cite *State ex rel. Blackwell v. Sanders*, 615 S.W.2d 467 (Mo.App.1981). In *Blackwell*, after spending 362 days in jail, a defendant received a suspended execution of sentence and five years of probation pursuant to a guilty plea in 1977. In 1980, the defendant was arrested on an assault charge, his probation was revoked, and the 1977 sentence was executed. A new sentence on the 1980 assault conviction was imposed to run concurrently with the 1977 sentence. At the time of his 1980 sentencing defendant had spent 64 days in jail after his arrest. The end result was that defendant was entitled to credit the 64 days spent in

---

1. As to the nature of the earlier, Franklin County convictions, the legal file contains only the warrant for parole violation that shows a plea of guilty to felony stealing and second-degree assault. There are references in the record that the earlier conviction was from St. Francois County, not Franklin County, but those references appear to be incorrect. There is, of course, no question that his earlier conviction resulted in a prison term followed by parole, and that his present Stoddard County offense constituted a violation of his parole.

2. All statutory cites are to RSMo Supp.1998 unless otherwise indicated.

3. In his petition for declaratory judgment, Goings sought credit for time served in the custody of the department of corrections from August 16, 1996, to December 18, 1997, only. It is unclear from the record whether Goings received a credit for time spent in custody after his arrest and before his return to the department of corrections. Since this issue was not raised in his petition, we need not address it here.

jail in 1980 against the 1980 sentence; he received no credit against the 1980 sentence for the 362 days spent in jail prior to the 1977 sentence, which was a probation term on a suspended execution of sentence. *Id.* at 467, 469.

Here, Goings seeks to apply the time he spent in state custody from August 16, 1996, to December 18, 1997, against his Stoddard County sentence. The statute plainly allows such a credit for time spent in custody "after the offense occurred and before the commencement of the sentence, *when the time in custody was related to that offense . . . .*" Section 558.031.1 (emphasis added). Generally, credit for time spent in custody is unavailable for offenses unrelated to the one underlying the sentence. *Blackwell,* 615 S.W.2d at 468.[4]

The purpose of section 558.031 undoubtedly is to eliminate the disparity of treatment between indigent defendants, who typically are in custody prior to sentencing, and non-indigents who typically are free on bond prior to sentencing. *See id.* at 469. From this apparent purpose, the state argues that the statute should not be applied to Goings because, as a parole violator, he was not entitled to be free on bond pending his sentencing on the Stoddard County charge. But this statute is not so limited. The statute requires only that the time in custody be "related to" the offense. In construing the statute, we are guided by the principle that criminal statutes must be "construed strictly against the [s]tate and liberally in favor of the defendant." *State v. Jones,* 899 S.W.2d 126, 127 (Mo.App.1995); *State v. Liffick,* 815 S.W.2d 132, 134 (Mo.App. 1991). In the present case, the time Goings spent in custody prior to receiving his Stoddard County sentence was "related

to" that sentence. It was the Stoddard County charge that resulted in revocation of his parole on his earlier Franklin County sentences. His arrest on the Stoddard County charge placed him in custody in the first place on the current stealing charge.

The state can of course argue that Goings' incarceration is "related to" his earlier convictions. But that is not inconsistent with our conclusion that his custody is "related to" the current offense. The statute's use of the very broad term "related to" instead of, for example, "caused by" or "the result of" compels the conclusion that his custody can be "related to" both offenses and the statutory credit will nevertheless apply.

In making our determination as to the proper interpretation of the statute, we do not reach Goings' contention that the statute is unconstitutional. Since Goings' Stoddard County sentence is to run concurrently with his Franklin County sentences, we conclude that, under section 558.031, Goings is entitled to credit for the time spent in the custody of the department of corrections after his arrest on the Stoddard County charge prior to the imposition of the sentence on that charge.

The judgment of the circuit court accordingly is reversed, and the cause is remanded for entry of a declaratory judgment consistent with this opinion.

All concur.

---

4. Two appellate decisions have rejected the notion that a defendant is entitled to a credit for time in state custody to be applied against a new sentence to run *consecutively* to the conviction for which parole or probation was revoked. *See Viers v. State,* 755 S.W.2d 617 (Mo.App.1988); *Davis v. State,* 829 S.W.2d 610 (Mo.App.1992). However, those cases do not apply here, for a consecutive sentence generally would not commence until its predecessor sentence was finished.