**Louis Wayne WILLIAMS, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. WD 57916.**

Missouri Court of Appeals,
Western District.

Submitted Aug. 16, 2000.

Decided Sept. 5, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza, Asst. Atty. Gen., Jefferson City, for appellant.

Tara L. Jensen, Asst. Appellate Defender, Kansas City, for respondent.

Before RONALD R. HOLLIGER, P.J., PATRICIA BRECKENRIDGE and JAMES M. SMART, JJ.

JAMES M. SMART, Jr., Judge.

This is an appeal taken by the state from the circuit court's granting of Louis Wayne Williams' amended Rule 24.035 post-conviction relief motion, which was based on his contention that he was denied the right to effective assistance of counsel. The state argues that the motion court was in error in granting Williams' motion, in that his belief that he would be granted credit for time served was not reasonable under the circumstances and because the trial court stated that it did not find that Williams was promised that he would receive such credit. We dismiss the appeal on grounds of mootness.

## Factual Background

Williams was indicted on a charge of forgery, pursuant to § 565.020, RSMo 1994, in connection with trying to pass a forged personal check. After his arrest on the forgery charge, Williams posted bond and was free on $15,000.00 bond, but only for one day. Because Williams was on parole at the time from serving a previous sentence with the Department of Corrections and because his indictment on this new offense counted as a parole violation, he was picked up the next day as a parole violator and served the next ninety days in the Clay County Jail while awaiting trial on the forgery charge. He entered a plea of guilty and was sentenced to two and one-half years, pursuant to a plea agreement with the prosecutor's office. At the plea entry and sentencing hearing, his attorney asked that Williams receive credit for the ninety days he had spent in the Clay County Jail awaiting sentencing on this matter. Judge Dandurand granted the request for credit for time served, stating, "Court grants defendant credit for 90 days time served."

Upon being taken into the custody of the Department of Corrections, Williams learned that the Department did not grant him credit for the ninety days time served, despite the order of the Court. Williams filed a timely Rule 24.035 motion for post-conviction relief based on the fact that he was denied effective assistance of counsel in that he relied upon his plea counsel's assurances that if the judge granted their request for credit for time served he would receive it.

At Williams' Rule 24.035 evidentiary hearing, his plea counsel testified that she had discussed with Williams the fact that she could not promise him anything and that the jail-time credit was not a part of the plea agreement with the state. Williams' testimony was flatly contradictory to that of his counsel. Williams testified at the hearing that he understood he would get the credit, or "else [he] wouldn't have pleaded to jail." Williams stated that plea counsel "assured [him] that [he] would get it." At the close of the evidence, the court found that no promises or guarantees had been offered to the defendant, but it ascertained that his plea was not voluntary because the defendant had believed that if the court granted jail time credit, he would receive it. The court stated, "we were wrong ... the defendant and defendant's counsel and the Court, we were all wrong when we thought he would get 90 days credit." Based on this, the court amended Williams' sentence to imprisonment for a term of two years, three months.

In this appeal of the motion court's granting of Williams' Rule 24.035 motion, the state's sole point on appeal states that the motion court erred in amending Williams' sentence because Williams failed to prove his claim of ineffective assistance of counsel by a preponderance of the evidence, in that the motion court found that

the evidence established that no promises or guarantees had been made to him with regard to jail time credit, and that, in any event, even if he believed that such a promise or guarantee had been made to him, that belief would have been unreasonable under the circumstances.

## Standard of Review

Under the portion of Rule 24.035 that establishes the appellate standard of review on a post-conviction relief motion, this court is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j).

## Mootness

It is unnecessary for us to reach the merits of this claim on appeal. The reason is that Williams was, for other reasons, entitled to the ninety days' credit which the motion court gave him, even if the motion court erred in granting it to him in the 24.035 proceeding. In order to understand why, we must begin with § 558.031.1, RSMo Supp.1999, which states, in pertinent part:

[A] person convicted of a crime in this state ... shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, *when the time in custody was related to that offense* [.]

558.031.1, RSMo Supp.1999 (emphasis added).

In a recent Missouri Supreme Court case, the Court examined the language of this particular statute in great detail. *Goings v. Missouri Dept. of Corrections,* 6 S.W.3d 906, 907 (Mo. banc 1999). That case, which was a declaratory judgment action against the Department of Corrections, was very much like the case at hand in that Goings was out on parole at the time of the second offense and was returned to custody because his indictment on the new offense created a parole viola-

tion. *Id.* The dispositive issue according to the Court was "whether Goings was 'in custody related to' the offense for which he was sentenced in December 1997 and, therefore, should be credited with time served in the department of corrections prior to that sentencing." *Id.* The court reversed the trial court's finding that he did not deserve credit for time served between the time he was arrested and when he was sentenced, stating: "We believe that the statute, section 558.031, requires such a credit." *Id.*

The relevant portion of *Goings* states:

[T]he state argues that the statute should not be applied to Goings because, as a parole violator, he was not entitled to be free on bond pending his sentencing on the [new] charge. *But this statute is not so limited. The statute requires only that the time in custody be "related to" the offense.* In construing the statute, we are guided by the principle that criminal statutes must be "construed strictly against the [s]tate and liberally in favor of the defendant." ... In the present case, the time Goings spent in custody prior to receiving his [new] sentence was "related to" that sentence. *It was the [new] charge that resulted in revocation of his parole on his earlier ... sentences. His arrest on the [new] charge placed him in custody in the first place on the current stealing charge.*

The state can of course argue that Goings' incarceration is "related to" his earlier convictions. But that is not inconsistent with our conclusion that his custody is "related to" the current offense. The statute's use of the very broad term "related to" instead of, for example, "caused by" or "the result of" compels the conclusion that his custody can be "related to" both offenses and the statutory credit will nevertheless apply.

*Goings,* 6 S.W.3d at 908 (emphasis added) (internal citations omitted). Neither party in this case suggests *Goings* is applicable

here. However, we are unable to distinguish it from this case. We conclude, in light of the *Goings* case, that Williams is also entitled to 90 days of "credit for time served" and thus legally entitled to the relief the motion court gave him. Because the Department of Corrections has no choice under *Goings* but to allow Williams credit for the ninety days anyway, we fail to see that any decision we make in this case would have any practical or legal effect.

### Conclusion

We need not decide whether the motion court was entitled to grant the relief it did in the Rule 24.035 post conviction relief hearing, because pursuant to § 558.031 and the *Goings* decision, Williams is clearly entitled to the ninety days' credit. Accordingly, we conclude that this appeal is moot. The appeal is dismissed.

HOLLIGER and BRECKENRIDGE, JJ., concur.