204 F.Supp.2d 1199 (2001)
Timothy Sterling DONALDSON, Plaintiff,
v.
James PURKETT, Superintendent, and Dora Schriro, Director, Defendants.
No. 4:00 CV 403 DDN.
United States District Court, E.D. Missouri, Eastern Division.
August 3, 2001.
Timothy Sterling Donaldson, Farmington, MO, pro se.
Kristen Howell Garroway, Attorney General of Missouri, St. Louis, MO, James R. McAdams, Jefferson City, MO for defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendants to dismiss the complaint (Doc. No. 16). All parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff Timothy Donaldson brings this action against defendants[1] James Purkett, the Superintendent of the Farmington Correctional Center, and Dora Schriro, the Director of the Missouri Department of Corrections, alleging deprivation of his constitutional rights. Plaintiff alleges that seventy days of imprisonment were added unlawfully to his Missouri state court sentence. He seeks compensatory and punitive damages as well as declaratory relief under 42 U.S.C. § 1983.
More specifically, plaintiff alleges he was released on parole on May 18, 1989. He *1200 was arrested on November 29, 1989, on new criminal charges. He was returned to the Missouri Department of Corrections on July 17, 1990, on a parole violation. On September 25, 1990, he was returned to the county jail for disposition of the criminal charges. He pled guilty and received two ten-year sentences to run concurrently with the sentence on which his parole had been revoked. The latter sentencing judge ordered that plaintiff receive jail time credit for the period November 29, 1989, through September 25, 1990. Plaintiff alleges that, in violation of the sentencing judge's order, on November 3, 1999, he was notified by the Department of Corrections that it was adding 70 days to his mandatory release date of November 29, 1999, extending it to February 7, 2000. The reason given was that there had been a change in sentence computation occasioned by the "LIGHTFOOT ruling."[2] Thus, plaintiff alleges he was deprived of credit on the latter sentences for the seventy days between July 17 and September 25, 1990, when he was in the custody of the Department of Corrections to litigate the parole revocation.
Plaintiff was released from the Department of Corrections on February 7, 2000. He confirms that he did not file any type of administrative grievances after notification that his release date would be extended to February 7, 2000. Plaintiff alleges that at the time he was notified of the extension, he questioned it but was told by the parole officer that "they can do this." Complaint at ¶ III(F). In March 2000, plaintiff sought leave to proceed in forma pauperis in this proceeding and the instant complaint was ultimately filed on July 19, 2000. Counsel was appointed to represent plaintiff.
Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that plaintiff has failed to state a claim for which relief can be granted. Generally, when ruling on a motion to dismiss, the court must view the allegations in the complaint in the light most favorable to the plaintiff. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir.1996), cert. denied, 519 U.S. 1149, 117 S.Ct. 1081, 137 L.Ed.2d 216 (1997). Under the liberal standards of notice pleading, the complainant need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir.1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
As their first ground in support of dismissal, defendants argue that plaintiff alleges only a violation of state law, not federal law, and that such a claim is not cognizable under § 1983. The undersigned agrees. To state a claim for relief under § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Section 1983 does not create any substantive rights; it merely provides the vehicle for vindication *1201 of federal rights elsewhere secured. Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion). The first step in analyzing any § 1983 claim is to identify the specific constitutional right allegedly infringed. Id. Section 1983 is not concerned with mere violations of state law. Bagley v. Rogerson, 5 F.3d 325, 328-29 (8th Cir. 1993) (violation of state law, whether statutory or decisional, does not state a claim under § 1983).
Plaintiff argues that defendants' alleged conduct was improper under Goings v. Missouri Department of Corrections, 6 S.W.3d 906 (Mo.1999) (en banc). Plaintiff asserts that he has a constitutionally protected liberty interest in serving only his judge-determined sentence and that the failure to provide him with a hearing denied him due process of law.
At issue in Goings was the interpretation and application of Mo.Rev.Stat. § 558.031.1 (Supp.1998). Therein the Missouri Supreme Court held that under this state statute Goings was entitled to credit for time spent in custody on a parole revocation prior to sentencing on the charges giving rise to the revocation. The court held that, under the statutory language, the detention on the parole revocation was "related to" the new charges. Goings, 6 S.W.3d at 908. Thus, the decision hinged on the interpretation of state statutory law and announced the substantive rights of the parties under state law. The decision did not touch upon or consider any federal constitutional rights nor any procedural protections afforded under state law. The disposition completely turned upon state law.[3]
With respect to the argument that plaintiff was deprived of a liberty interest without due process of law, Bagley v. Rogerson, 5 F.3d 325 (8th Cir.1993), is determinative. Bagley brought suit under § 1983 alleging under state law that prison officials should have credited his state sentence with time served on a vacated federal sentence. The Eighth Circuit determined that plaintiff failed to state a claim under § 1983 for a violation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. At most, the Eighth Circuit concluded, plaintiff alleged a violation of state statutory or decisional law which is not cognizable under § 1983. Id. at 329.
Plaintiff attempts to distinguish Bagley by arguing that "the conduct complained of [in Bagley] involved only the determination of credits" and plaintiff alleges a lengthening of his sentence. Plf. Memo at 3-4. First, regardless of semantics, both plaintiff and Bagley alleged an unlawful extension of their term of incarceration because of improper jail time crediting under state law. Bagley alleged that he unlawfully served an extended period of time due to a detainer that the state had improperly lodged against him as the result of improper crediting. Consequently, both Bagley and the instant case involve a claim of the denial of a liberty interest by the unlawful extension of incarceration resulting from the alleged erroneous interpretation of state jail time crediting laws (statutory and decisional) by prison officials. Bagley controls the disposition of defendants' motion. Cf. Travis v. Lockhart, 925 F.2d 1095 (8th Cir.1991) (habeas *1202 petition properly dismissed for failing to allege a constitutional claim where petitioner alleged that the state failed to credit him with presentence jail time purportedly required by state statute as claim only involves an interpretation of state statutes which is a matter of state, not federal, concern).
Plaintiff urges this court to follow Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985), cert. denied, 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986), and conclude that the failure of the state to accord plaintiff a hearing deprived him of a protected liberty interest without due process of law. Haygood is distinguishable. The court in Haygood found that plaintiff's deprivation of liberty for over five years called for a balancing of factors to determine what process was due. In light of the extended deprivation of liberty, the Ninth Circuit determined that due process required the state to provide a "meaningful hearing at a meaningful time." Id. at 1356. In determining the "meaningful time," the court was impressed by Haygood's constant attempts to bring the unconstitutional deprivation of liberty to his jailers' attention and that they knew of his protests at least seventeen months before he was finally released, yet did nothing. Id. at 1356-59 ("[w]hen an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability").
In the instant case, there were seventy days of additional incarceration as opposed to Haygood's five years. More importantly, there is nothing in the record that demonstrates that plaintiff complained of the extension of his release date on or after November 3, 1999, when he was notified of the change. Apparently, he did not complain until after his release. Merely questioning the parole officer as to whether or not the extension could be implemented is not the type of constant, repeated notice involved in Haygood. Further, the court notes that prior to the Missouri Supreme Court's decision in Goings issued on December 19, 1999, there is nothing in the record to suggest that defendants had any reason to know or suspect that the modification was contrary to state law.[4]
Other courts have rejected the conclusion in Haygood that an inmate challenging the calculation of his jail-time credits can state a claim under § 1983 for a violation of his procedural due process rights if he is not afforded a hearing. In Toney-El v. Franzen, 777 F.2d 1224, 1227-28 (7th Cir.1985), the Seventh Circuit rejected Haygood's requirement of a hearing in order to satisfy procedural due process in such a situation. That court reversed a verdict in favor of plaintiff and determined that Toney-El had not established a violation of § 1983. The court held that state law provided adequate procedures to address his claims that his jail-time credits were not properly calculated. As in Toney-El, plaintiff herein had several remedies available under state law to address his claims of the improper calculation of jail-time credits. He could have requested a corrected calculation from the Department of Corrections and proceeded with its administrative remedies, sought a writ of habeas corpus or mandamus, or filed a petition for declaratory relief in state court. Roy v. Missouri Department of Corrections, 23 S.W.3d 738, 743 (Mo.Ct. App.2000); Goings, supra; Murphy v. State, 873 S.W.2d 231, 232 (Mo.1994).
A contrary conclusion is not required by Walters v. Grossheim, 990 F.2d 381, 385 (8th Cir.1993), or Slone v. Herman, 983 *1203 F.2d 107 (8th Cir.1993). In each of those cases the court considered a claim of qualified immunity. In each case the protected substantive liberty interest arose from a final, non-appealable state court order granting plaintiff's release or placement in less restrictive confinement. In Walters, the state had failed to obey the court order for over eight months. With a final and non-appealable court order, a substantive right is created, that is, a certain right or entitlement with a corresponding non-discretionary duty. A procedural due process right was not asserted in Slone or Walters, as plaintiff attempts to do here.
Further, plaintiff's complaint does not allege any personal involvement by the remaining defendants in plaintiff's alleged constitutional deprivation. Even in response to defendants' motion to dismiss, plaintiff does not set forth how they participated in the alleged deprivation so that the court might consider whether there are any possible grounds for relief. There is no allegation that these defendants personally calculated and extended his release date or even knew of plaintiff's alleged constitutional deprivation and failed to investigate or rectify the situation. It is elementary that a defendant cannot be held liable under § 1983 on a theory of respondeat superior. Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir.2001) (supervisor is only liable under § 1983 if he directly participates in the constitutional deprivation or fails to properly train or supervise the employee responsible for the constitutional deprivation and had prior notice that training and supervision procedures were inadequate and likely to result in a constitutional violation).
In the alternative, dismissal is proper under the doctrine of qualified immunity. Qualified immunity protects a governmental official from a damage suit when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This requires the court to engage in a two part inquiry: (1) has plaintiff alleged the deprivation of an actual constitutional right? (2) if so, was the right clearly established at the time of the alleged violation? Tlamka, 244 F.3d at 632. If the answer to either or both of these inquiries is in the negative, the lawsuit must be dismissed. See, e.g., Cross v. City of Des Moines, 965 F.2d 629, 631-32 (8th Cir.1992) (in analyzing the two pertinent inquiries under the doctrine of qualified immunity, if plaintiff fails to allege a constitutional violation, the lawsuit must be dismissed).
As discussed above, plaintiff fails to allege a violation of his federal constitutional or statutory rights, but merely alleges a violation of state law. Thus, his complaint must be dismissed.
Defendants argue several additional grounds in support of their requested relief. The court is satisfied that plaintiff's complaint is subject to dismissal for the above stated reasons and, therefore, it is unnecessary to address defendants' remaining arguments.
An appropriate order is issued herewith.

ORDER
In accordance with the Memorandum filed herewith,
IT IS HEREBY ORDERED that the motion of defendants to dismiss (Doc. No. 16) is sustained. The action is dismissed with prejudice. Any pending motions are denied as moot.
NOTES
[1] Plaintiff voluntarily dismissed defendant Jay Nixon, Attorney General of Missouri. Plf. Motion to Dismiss (Doc. No. 8); Order (Doc. No. 10). The district court dismissed defendants John Doe and Jane Doe for lack of service of process. Order (Doc. No. 28).
[2] In State ex rel. Lightfoot v. Schriro, 927 S.W.2d 467, 471 (Mo.Ct.App.1996), the Missouri Court of Appeals, interpreting Mo.Rev. Stat. § 558.031.1 prior to its amendment in 1995, found that Lightfoot was entitled to jail time credit served in a Kansas jail because of a detainer lodged for unrelated Missouri charges. The court also held that a Missouri prisoner can receive concurrent credit for time served in another jurisdiction only for the time accruing after imposition of the Missouri sentence. Id. at 472.
[3] The defendants also argue that the plaintiff is not entitled to the benefit of the ruling in Goings because the 1995 amendment to Mo. Rev.Stat. § 558.031.1 upon which Goings was premised does not apply retroactively to plaintiff. Def. Memo at 5-9. Retroactivity is also an issue of state law which this court is not required to consider or resolve at this juncture. On a motion to dismiss a pro se complaint, this court must give the complaint a very liberal construction in the effort to determine if there are any facts upon which plaintiff may state a claim.
[4] This of course assumes that Goings even applies to plaintiff's situation. See n. 3, supra.