Ronald DUNCAN, Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS,** Respondent.

No. WD 61427.

Missouri Court of Appeals, Western District.

Feb. 11, 2003.

Ronald Duncan, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT ULRICH, Judge.

Ronald Duncan ("Mr. Duncan") appeals the judgment of the trial court denying his petition for declaratory judgment. Mr. Duncan sought to challenge the Department of Corrections' ("DOC") application of section 558.031, RSMo Cum.Supp.1998, to his conviction for Driving While Intoxicated–Alcohol–Persistent Offender, sections 577.010 and 577.023, RSMo Cum. Supp.1998.[1] He claims that he is entitled to 324 days of jail time credit for this conviction. The judgment of the trial court is affirmed.

## Factual and Procedural History

Mr. Duncan pleaded guilty in the Circuit Court of Madison County, Missouri, case numbered CR297–270FX, on January 8, 1998, to one count of DWI Third Offense. He was sentenced to two years imprisonment, suspended execution of sentence, and placed on five years of probation. Mr. Duncan violated the terms of his probation by consuming alcohol and driving while intoxicated on October 17, 1998. A field violation report charging Mr. Duncan with violating the terms of his probation was filed with the trial court on October 28, 1998. Thereafter, on January 13, 1999, a probation violation warrant was issued. In the interim, Mr. Duncan was arrested on suspicion of driving while intoxicated in St. Francois County, Missouri, on January 10, 1999. The trial court revoked Mr. Duncan's probation on March 4, 1999, after finding that he had violated his probation on October 17, 1998, by consuming alcohol. The trial court also ordered that his two year sentence for the DWI–Third offense be executed. Mr. Duncan was delivered to the DOC on March 8, 1999.

Mr. Duncan was sentenced on January 21, 2000, in the Circuit Court of St. Francois County, case numbered CR599–000053F, on a change of venue from Madison County to five years imprisonment in the DOC to run concurrent to the Madison County sentence that he was already serving. Thereafter, Mr. Duncan filed a *pro se* petition for declaratory judgment on May 21, 2001, seeking 377 days of jail time credit to apply to his conviction in St. Francois County. His petition was denied on November 11, 2001.[2] This appeal followed.

Mr. Duncan raises five points on appeal. Points four and five are not well articulat-

---

1. Driving While Intoxicated will be referred to as "DWI" throughout the remainder of this opinion.

2. Although his petition for 377 days of jail time credit was denied, the trial court granted Mr. Duncan 53 days of jail time credit on the St. Francois County DWI conviction because the "initial incarceration upon the probation violation report did include the conduct giving rise to the subsequent conviction for DWI." The 53 days of jail time credit included the time period from January 10, 1999, the date he was arrested on the St. Francois County charge, to March 4, 1999, the date his probation was revoked in a prior conviction.

ed. For reasons discussed later in this opinion, points four and five are not addressed. Accordingly, three of Mr. Duncan's points on appeal are enumerated here. He claims that the trial court erred in denying his petition for declaratory relief because he was entitled to judgment granting him 324 days of jail time credit for the time period from March 4, 1999, to January 21, 2000, in that: (1) it undermines the purpose of section 558.031, RSMo Cum.Supp.1998, to deny him jail time credit for this period, and the fact that he was serving time for a probation violation of an earlier offense during this time period is irrelevant; (2) the trial court relied on the DOC's internal policy regarding prisoner eligibility for jail time credit rather than section 558.031 RSMo Cum.Supp.1998, in denying his petition and that the DOC's policy is more stringent than section 558.031, RSMo Cum. Supp.1998; and (3) the trial court incorrectly found *Goings v. Missouri Department of Corrections*, 6 S.W.3d 906 (Mo. banc 1999), is inapplicable to this case. In effect, Mr. Duncan argues that the trial court erred in denying his petition for declaratory judgment in that he should have received jail time credit from March 4, 1999, the date his probation was revoked on a prior conviction, to January 21, 2000, the date he was sentenced on a subsequent charge and conviction, the St. Francois County DWI charge, because that "time in custody" was "related to the offense" for which he was sentenced on January 21, 2000. Thus, Mr. Duncan claims that the time he was in custody from March 4, 1999, to January 21, 2000, should be credited to the sentences imposed in both convictions.

### Standard of Review for Declaratory Judgment

When reviewing a declaratory judgment, the standard of review is the same as other court-tried cases. *Lakin v. Gen. Am. Mut. Holding Co.*, 55 S.W.3d 499, 502 (Mo.App. W.D.2001) (citing *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001)). The trial court's decision will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The primary concern on appeal is whether the trial court reached a correct result, regardless of the reasoning used. *Cronin v. State Farm Fire & Cas. Co.*, 958 S.W.2d 583, 584 (Mo.App. W.D. 1997) (citing *Graue v. Mo. Prop. Ins. Placement Facility*, 847 S.W.2d 779, 782 (Mo. banc 1993)).

### Discussion

Mr. Duncan is entitled to jail time credit from March 4, 1999, to January 21, 2000, on his St. Francois County conviction (the second of two separate convictions) if this time in custody is "related to that offense." Section 558.031.1, RSMo Cum.Supp.1998, provides, in pertinent part:

A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense. . . .

The statute allows a person convicted of a crime to receive credit for time spent in

confinement as long as the "time in custody was related to that offense." The purpose of providing a credit is to "insure that an indigent accused awaiting trial does not serve a longer term than an accused able to meet [bail], who can thereby avoid confinement before trial and sentence." *Davis v. State,* 829 S.W.2d 610, 611 (Mo. App. E.D.1992); *see also Goings v. Mo. Dep't. of Corr.,* 6 S.W.3d 906, 908 (Mo. banc 1999) (citing *State ex rel. Blackwell v. Sanders,* 615 S.W.2d 467, 469 (Mo.App. E.D.1981)). "[J]ail time sought to be credited must bear some relation to the crime and sentence imposed." *Davis,* 829 S.W.2d at 611 (citing *Viers v. State,* 755 S.W.2d 617, 618 (Mo.App. W.D.1988)).

■■ In Mr. Duncan's first point on appeal, he claims that the purpose of the statute is undermined if he is denied 324 days of jail time credit because he was indigent and unable to post bail for either the probation revocation warrant on the Madison County DWI charge or the St. Francois County DWI charge. The State argues that he was not eligible for release on bail following the revocation of his probation. Both arguments are unavailing. Mr. Duncan's argument lacks merit because during the time period for which he seeks jail time credit, he was serving the sentence executed after revocation of his probation for the Madison County DWI and was not eligible for bail. As to the State's argument, whether Mr. Duncan was a probation violator has no effect on whether the statute applies to this case. *Goings,* 6 S.W.3d at 908 (denying the State's argument that the statute should not be applied to the defendant because, as a parole violator, he was not entitled to be free on bond pending his sentencing on another charge). The statute's sole requirement is that his confinement during the time he was in custody be "related" to the St. Francois County charge.

■ Mr. Duncan also argues in his first point that he would have remained in custody from March 4, 1999, to January 21, 2000, for the St. Francois County charge if his probation violation offense had not existed or he had been paroled before January 21, 2000. These claims assume facts that are not in evidence in the present case. Appellate courts do not render advisory opinions or decide non-existent issues. *State ex rel. Mo. Cable Television Ass'n v. Mo. Pub. Serv. Comm'n,* 917 S.W.2d 650, 652 (Mo.App. W.D.1996) (citing *Warren v. Warren,* 601 S.W.2d 683, 687 (Mo.App. W.D.1980)). Thus, this portion of Mr. Duncan's first point on appeal is not addressed. The other portion of Mr. Duncan's first point on appeal is denied.

■ In his second point on appeal, Mr. Duncan claims that the trial court relied on the DOC's internal policy regarding prisoner eligibility standards for jail time credit instead of on section 558.031.1, RSMo Cum.Supp.1998. He claims that the DOC's internal policy is more stringent than section 558.031.1, RSMo Cum.Supp. 1998, in that it requires the new offense be the reason for the probation revocation. The appellant "has the duty to present a record that contains 'all the evidence necessary for our making determinations in the issues raised.'" *In re J.D.,* 34 S.W.3d 432, 435 (Mo.App. W.D.2000) (quoting *State ex rel. Callahan v. Collins,* 978 S.W.2d 471, 474 (Mo.App. W.D.1998)); *see* Rule 81.12(c) Missouri Rules of Civil Procedure (2002). "If a matter complained of is not present in the record, there is nothing for this court to review." *In re J.D.,* 34 S.W.3d at 435. Appellate courts are bound by the record on appeal and cannot speculate as to what evidence may have been presented below which is not reflected by the record. *Id.* "Documents ... never presented to or considered by the trial court may not, moreover, be intro-

duced into the record on appeal." *Olson v. Christian County*, 952 S.W.2d 736, 738 (Mo.App. S.D.1997) (citing *Marc's Rest., Inc. v. CBS, Inc.*, 730 S.W.2d 582, 584 (Mo.App. E.D.1987)). Because the DOC's internal procedures, specifically General Council Criteria # 2, was never presented to the trial court and made a part of the record, it is not reviewed here. Mr. Duncan's second point on appeal is denied.

■■■ Mr. Duncan argues in his third point that the trial court erred in finding that *Goings v. Missouri Department of Corrections*, 6 S.W.3d 906, 908 (Mo. banc 1999), did not apply to his case. He contends that *Goings* stands for the proposition that section 558.031.1 does not require the conduct that placed him into custody be the same conduct that resulted in his probation being revoked. Mr. Duncan claims that he is entitled to jail time credit for this time period he was in custody even though the conduct that caused him to be placed into custody was not the same conduct that resulted in his probation being revoked. The State argues that *Goings* is inapplicable because unlike the present case, the petitioner's parole in *Goings* was revoked upon the same conduct for which he was later convicted.

Mr. Duncan's reliance on *Goings* is misplaced. The difference between this case and *Goings* is that in *Goings* the time that the defendant spent in custody from the date of the offense until the commencement of his sentence was "related to that offense" for which he was placed into custody. *Goings*, 6 S.W.3d at 908.[3] Gary Goings' conduct that violated the conditions of his parole and resulted in his parole revocation was the same conduct that constituted a criminal act and caused him to be placed into custody, for which he

was later convicted. Mr. Duncan's probation was revoked for conduct different than the criminal conduct that placed him into custody and for which he was later convicted. His probation was revoked because of his consumption of alcohol on October 17, 1998, which constituted a breach of a condition of probation, whereas he was taken into custody for driving while intoxicated in St. Francois County on January 10, 1999. Mr. Duncan's probation was revoked for a separate and distinct act from his conduct that prompted his subsequent conviction on the St. Francois County DWI offense. For that reason, *Goings* is distinguishable from the present case.

Mr. Duncan asserts that section 558.031.1, RSMo Cum.Supp.1998, does not condition jail time credit on the basis of whether it was the new offense that resulted in his probation revocation. He misconstrues the statute. Mr. Duncan's probation revocation was the result of conduct that occurred prior and unrelated to the new criminal offense for which he was convicted in St. Francois County. He is not entitled to receive jail time credit for the St. Francois County conviction from March 4, 1999, to January 21, 2000, because his time in custody during that time period was the result of the Madison County conviction, his probation revocation, and the execution of the imposed sentence. His time in custody during this period was, moreover, unrelated to the St. Francois County charge.

As established by the trial court, Mr. Duncan's time in custody from January 10, 1999, to March 4, 1999, was related to the St. Francois County DWI charge. Once his probation was revoked for the Madison County conviction on March 4, 1999, he

---

**3.** "It was the Stoddard County charge that resulted in revocation of his parole on his earlier Franklin County sentences. His arrest on the Stoddard County charge placed him in custody in the first place on the current stealing charge." *Goings*, 6 S.W.3d at 908.

began serving the imposed sentence. From March 4, 1999, the date his probation was revoked on the Madison County conviction, to January 21, 2000, the date he was sentenced on the St. Francois County DWI charge, Mr. Duncan's time in custody was related to the sentence imposed in Madison County. Because he was incarcerated between March 4, 1999, and January 21, 2000, for the purpose of serving the Madison County DWI conviction, the time he was in custody during this time period was unrelated to the St. Francois County DWI charge and, thus, he was not entitled to jail time credit for that period. The purpose of section 558.031.1, RSMo Cum. Supp.1998, to "ensure that an indigent accused awaiting trial does not serve a longer term than an accused able to meet [bail], who can thereby avoid confinement before trial and sentence," is not contravened by denying credit for the time Mr. Duncan was in custody from March 4, 1999, to January 21, 2000, toward both convictions. *Goings,* 6 S.W.3d at 908.

 Mr. Duncan's fourth and fifth points on appeal are unclear. Rule 84.04(d) governs the requirements for asserting a point relied on. Each point relied on must: "(1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(A)-(C) Missouri Rules of Civil Procedure (2002); *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App. W.D.2000) (quoting *Hall v. Mo. Bd. of Prob. & Parole,* 10 S.W.3d 540, 543 (Mo. App. W.D.1999)). The purpose of the rule is to provide "notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Wilson,* 25 S.W.3d at 666. Points four and five do not communicate sufficiently to be understood what matters Mr. Duncan wants reviewed.[4] Given Mr. Duncan's failure to comply with Rule 84.04(d) on the fourth and fifth points on appeal, these points are not addressed.

The judgment of the trial court denying Mr. Duncan's petition for declaratory judgment is affirmed.

All concur.

4. In point four, Mr. Duncan claims that "the trial court erred in denying the appellant declaritory (sic) relief because the trial court inappropriately and incorrectly relied on case law citing in that the trial court's reliance of the quotation was/is misplaced in reference to jurisdictional authority of a sentence ordered to run concurrent to a foreign sentence and clearly circumstantially not applicable to the appellant's time credit issue." Point five states "the trial court erred in denying appellant declaritory (sic) relief because the trial court inappropriately and incorrectly relied on case law citing in that the trial court's reliance of the quotation was/is misplaced in reference to jail time served exclusively on only one offense, prior to the existence of subsequent offense."